RICHARD P. GLENN *et al.*, survivors of GLENN, DUFFIELD & COMPANY, plaintiffs in error, *vs.* SAMUEL P. SALTER, defendant in error.

1. Where the defendant was sued on an account for money placed in his hands as the agent of the plaintiffs, and he pleaded that the plaintiffs had failed to give him credit for $25,000 00, which had been repaid, it was competent for him to show that he had only discovered this omission upon the trial, and as a reason why it was not discovered earlier, to prove that large sums of money belonging to persons other than the plaintiffs, at the time he was their agent, passed through his hands, all of which money he kept together with that of the plaintiffs, being responsible for the amount charged against him by each firm, and that, though a large discrepancy in his general money balance was observed, yet, as said sum was repaid by another, the error was not discovered until it appeared from the evidence.

2. Where the evidence was conflicting as to what commissions the defendant was to receive as the agent of the plaintiffs in purchasing cotton, it was competent to show the compensation allowed by other parties to their agents engaged in the same business.

Principal and agent. Evidence. Before Judge HILL. Houston Superior Court. May Term, 1873.

Richard P. Glenn *et al.*, as survivors of Glenn, Duffield & Company, brought complaint against Samuel P. Salter on the following account:

*Mr. S. P. Salter, in account with Glenn, Duffield & Company.*

| 1865. | DR. | | |
|---|---|---|---|
| July 12. To cash in currency .. ...................... | | | $10,000 00 |
| July 12. To cash in gold .... ...... ...... ........ ......$ 1,400 00 | | | |
| Aug. 8. To cash in gold ............... .. .............. | 5,000 00 | | |
| Aug. 8. To cash in currency ........ ....... .......... | | | 5,000 00 |
| Aug. 8. To cash in gold ............................... | 20,000 00 | | |
| | $26,400 00 | | $15,000 00 |

Glenn *et al. vs.* Salter.

CR.

| | | | |
|---|---|---|---|
| Aug. | By purchase 189 bales cotton, viz.: 90,583 lbs., with gold...........................................$14,009 94 | | |
| Aug. | By purchase 1,021 lbs. cotton with silver... | 234 83 | |
| Aug. | By purchase 20,170 lbs. cotton with currency..................................................... | | $5,761 93 |
| Aug. | By cash paid Mr. Wright................................. | | 3,000 00 |
| Sept. | By purchase 43 bales cotton, 23,784 lbs., at 20 cents............................................. | 4,756 80 | |
| Oct. | By cash of K. & H., gold............................ | 1,000 00 | |
| Nov. | By cash from Rust..................................... | 6,000 00 | |
| | | $25,999 57 | $8,761 93 |

RECAPITULATION.

DR. To gold...................$26,400 00, Currency.....................$15,000 00
CR. By gold................. 25,999 57, Currency..................... 8,761 93

Balance ................$    400 43 ...............................$ 6,238 07

STATEMENT.

Feb. 23. For balance due in currency, as per statement rendered.............................................................$6,238 07
       For balance due in gold, as per statement rendered...   400 43
       Premium on $400 43, gold, at $1 49............................   196 00

Balance due Glenn, Duffield & Company..............................$6,834 50

The defendant pleaded as follows: 1st. The general issue. 2d. That the plaintiffs employed him to buy cotton for them, and agreed to pay the usual commissions then allowed to agents for such services; and that he, in pursuance of such contract, purchased and contracted for, on plaintiffs' account, divers lots of cotton, for which he claimed commissions at the rate of two and one-half per cent. on the amount of purchases so made. 3d. That in pursuance of said contract with plaintiffs, he received from them, at different times, considerable sums of money, both in specie and in currency, for all of which he has fully accounted to plaintiffs, except the sum of $5,-000 00, which was stolen from him in Albany, Georgia, about the 10th day of August, 1865, without fault or negligence on his part, of which loss plaintiffs were duly notified. To this plea was appended a statement of account between defendant and plaintiffs, exhibiting (as the plea states) " as accurately as

Glenn *et al. vs.* Salter.

he is able to do, the true statement of account existing at the commencement of said suit," and which the defendant prayed might be taken as a part of his plea, and according to which he claimed a balance due him by plaintiffs, of $8,088 56, for which he asked judgment in his favor. The account appended to this plea is as follows:

BILL OF PARTICULARS.

*Samuel P. Salter,*
    *Agent of Glenn, Duffield & Company, in account with his said trust:*
    1865.                    DEBIT.

To cash received for purchase of cotton, on account of said principal, as follows, to-wit:

| | | | |
|---|---|---|---|
| July 12. In currency.......................... | | $10,000 00 | |
| July 12. In gold...................................$1,400 00 | | | |
| Aug. 8. In gold...................................... 5,000 00 | | | |
| | $6,400 00 | | |
| Worth in currency, at $1 50..................... | | 9,600 00 | |
| In currency....................................... | | 5,000 00 | |
| In gold, on account of 1.500 bales cotton (Jerry Beall) $20,000 00, worth, in currency............................................ | | 30,000 00 | |
| Total amount received in currency......... | | $54,600 00 | |

1865.                    CREDIT.

| | | | |
|---|---|---|---|
| By amount of currency lost by agent in Albany, August 10, 1865............................... | | $ 5,000 00 | |
| By amount paid for 189 bales cotton, viz.: 71,604 lbs., in gold and silver, $14,242 77, worth, in currency................................. | | 21,364 15 | |
| 20,170 lbs., paid for in currency................ | | 5,761 93 | |
| By cash returned to Mr. Wright, (one of the plaintiffs,) in currency........................ | | 3,000 00 | |
| Sept. By 43 bales cotton, 23,784 lbs., paid for in gold, $4,756 80, worth, in currency,............ | | 7,135 20 | |
| Oct. By cash by Knott & Howes, gold..............$1,000 00 | | | |
| Nov. By cash by Y. G. Rust, gold.................... 6,000 00 | | | |
| | $7,000 00 | | |
| Worth, in currency................................ | | 10,500 00 | |
| Total amount expended and accounted for... | | $52,761 28 | |

Deducted from amount received, leaves balance in hand of
    agent ...................................................................................$1,838 72

Glenn *et al. vs.* Salter.

| | |
|---|---|
| Balance in hand of agent, on account of trust receipts and disbursements, as per foregoing exhibits, in currency value..... | 1,838 72 |
| | |
| By service rendered in the premises, not hereinbefore accounted for, as follows, viz. : Commission on $34,261 28, paid for 232 bales cotton, shown before, at 2½ per cent....... ...... ...... | 856 53 |
| Commission on $134,630 00, paid for 1,000 bales cotton, bought of Lee Jordan, on account of plaintiffs, at 2½ per cent.. ..... | 3,365 75 |
| Commission on $1,500 bales cotton, with Y. G. Rust, factor and commission merchant of Jerry Beall, at Albany, Ga., contracted for by defendant, at instance and request of plaintiffs, worth $225,000 00, at 2½ per cent. commission........... | 5,625 00 |
| Agent's credits for commissions......... ...... ...... ......... ......... | $9,847 28 |
| Deducting balance in hand of agent on previous account....... | 1,838 72 |
| Balance due agent...... ...... ...... ...... ...... ........ ............... | $8,008 56 |

As a fourth plea, he alleged that in addition to $34,261 28, paid out for plaintiffs, as exhibited in the account appended, and on which he claimed commissions as aforesaid, he claims to have purchased for plaintiffs one thousand bales of cotton, known as the "Lee Jordan cotton," amounting in the aggregate to about $134,630 00, on which he alleges that he was entitled to commissions at the rate aforesaid. As a fifth plea, he alleged that in July, 1865, he contracted, with the approval of plaintiffs, for fifteen hundred bales of cotton, belonging to Jere Beall, with Y. G. Rust, his factor, at thirty cents per pound, making the aggregate value about $225,-000 00; that, as earnest money, he deposited with said Rust $20,000 00 in gold, then worth $30,000 00 in currency, to confirm the bargain; that plaintiffs were duly notified of this transaction, and approved it at the time, but that the contract was "afterwards, at their instance, and with consent of the said Jere Beall, cancelled." Defendant claims that, notwithstanding said cancellation, he is entitled to his commissions on said purchase, at the rate of two and one-half per cent.

Under these pleadings the case went to trial at August term, 1869, and resulted in a verdict for the defendant for $3,737 09. Plaintiffs moved for a new trial, which was granted by Judge Cole, and the Supreme Court affirmed his

judgment, on the grounds stated in their decision in 42 *Georgia Reports*, 64.

At the December term, 1872, the case was again tried in Houston Superior Court, Judge Cole presiding. Before that trial, to-wit: on the 23d of October, 1872, defendant filed an amended plea, stating that his original plea of set-off, and the account annexed thereto, were prepared and made up principally from memory, without access to the books of account of the plaintiffs; that defendant at the time relied upon the account exhibited by plaintiffs to their declaration, but which he alleges in said amended plea is erroneous, in this, that it charges defendant on the 8th day of August, 1865, with $25,000 00 in gold, which the plea alleges was advanced to defendant by plaintiffs, for the purchase, and in part payment of the fifteen hundred bales of the "Jere Beall cotton," and was paid to said Rust, factor of Beall, on said Beall purchase; that afterwards plaintiffs canceled said cotton trade with Beall, and the said $25,000 00 was paid back to plaintiffs, or one of them, by the said Rust & Beall, but was not credited to defendant by plaintiffs. He claims said sum, therefore, as a just charge in his favor against said plaintiffs, and asks judgment for said sum, and also the sum of $8,008 56, claimed in his original pleas.

The evidence introduced upon the issues thus found was voluminous. It is omitted, for the reason that all that is necessary to an understanding of the principles enunciated by the Court, is embodied in the decision. The jury found for the plaintiffs $4,977 97, with interest. The defendant moved for a new trial upon twenty-six different grounds, most of which were certified to be untrue by the presiding Judge. The only two grounds deemed necessary to be set forth were as follows:

4th. Because the Court erred in rejecting the testimony of the defendant, that he had on hand, at the time and during his agency for plaintiffs, large sums of money belonging to other persons, and that as much as $500,000 00 passed through his hands during his purchase of cotton for plaintiffs, and

Glenn *et al. vs.* Salter.

that he kept it together, and was responsible to each separate party for the amount charged by each against him; that among these parties who furnished him with money were Knott & Howes, of Macon, with whom he was in partnership; that when he, defendant, came to settle with Knott & Howes, he expected to find them largely indebted to him, but, to his astonishment, they claimed, and their books showed, that he was indebted to them; that so great was his astonishment that he insisted that there must be some mistake, and the books were examined, and two days and nights spent by witness and the clerk of Knott & Howes in ransacking the books to discover the error, but, on strict scrutiny, they were found to be correct; that he, defendant, knew he was out a large sum of money, but never could tell where or how, till Rust's testimony in this case, that $25,000 00 charged to him by plaintiffs, and which he, defendant, had paid to said Rust, was never paid back to defendant, but to Duffield, one of the plaintiffs; that this led him to scrutinize the account rendered by plaintiffs; to notice the charge of $25,000 00, "Beall cotton" first rendered, and then "Beall cotton" obliterated, and to put in his claim for $25,000 00.

7th. Because the Court erred in rejecting the evidence of Salter, Coleman, Howes, Rust and others, to the effect that agents for purchase of cotton at the time Salter was so engaged, were getting two and one-half per cent. all over Southern and Southwestern Georgia.

The motion was heard before Judge Hill, who succeeded Judge Cole, on the bench of the Macon Circuit. A new trial was ordered and plaintiffs excepted.

LANIER & ANDERSON; DUNCAN & MILLER; WARREN & GRIER, for plaintiffs in error.

NISBETS & JACKSON; S. HALL; S. D. KILLEN, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant on an account for money advanced to him to purchase cotton for them. The defendant pleaded a set-off for commissions, etc., and also a statement as to the disbursement of the money placed in his hands by the plaintiffs. The jury, on the trial of the case, found a verdict for the plaintiffs for the sum of $4,977 79. The defendant made a motion for a new trial, on the several grounds stated in the motion, which was granted by the Court, on the first, second, fourth, seventh, tenth, fifteenth and twenty-fifth grounds set forth in the motion.

In our judgment, the new trial should not have been granted on the first and second grounds contained in the motion therefor. If the jury believed the plaintiffs' witnesses, (and that was a question for them exclusively,) the verdict was not strongly and decidedly against the weight of the evidence, nor contrary to the principles of justice and equity. The tenth, fifteenth and twenty-fifth grounds relate to the charge of the Court to the jury.

After a careful examination of Judge Cole's charge, as set forth in the record, we think the case was fairly submitted to the jury by that charge, in view of the evidence before them. There is nothing in that charge which, in our judgment, was calculated to mislead the jury. Therefore, the new trial should not have been granted on the tenth, fifteenth or twenty-fifth grounds of the motion therefor.

As to the fourth ground for a new trial, we are of the opinion the Court erred in rejecting the testimony of Salter in explanation of his transactions with Knott & Howes in relation to the money placed in his hands by the plaintiffs, going to show his mistake. What effect that evidence might have had on the minds of the jury when considered by them in connection with the other facts in the case, is another question. All that we decide is, that the evidence was admissible. The seventh ground for a new trial was the rejection of the evi-

dence of Salter, Howes, Rust and others, that at the time Salter purchased the cotton, other agents in Southwestern Georgia were getting two and one-half per cent. commissions. There was a conflict between the evidence of the plaintiffs and the defendant as to the commissions the defendant was to receive for purchasing cotton for them, the plaintiffs stating that he was to receive two and one-half per cent. on the price paid for small lots purchased from wagons, and $1 00 per bale for large lots purchased; the defendant stating that he was to receive two and one-half per cent. on the price of all the cotton he purchased.

In view of this conflicting evidence, it was competent for the defendant to show what other agents received who were engaged in the same business at the time, as a circumstance in support of the truth of his statement, leaving the jury to believe his statement as to what was the contract, or the statements of the plaintiffs, as they might think proper. It does not necessarily follow that because other agents received two and one-half per cent. commissions, that the defendant did not make the contract, as stated by the plaintiffs; but as the evidence is in conflict upon that point, what other agents received for the same service, at that time, may be considered by the jury as a circumstance that he would not as probably have made a contract for less commissions than the customary rate, though he may have done so.

Inasmuch as the evidence specified in the fourth and seventh grounds of the motion was ruled out, we affirm the judgment of the Court granting a new trial, on those two grounds only.

Judgment affirmed.